**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

PAUL MILITELLO,

        **Plaintiff,**

  v.

**VISITING NURSE ASSOCIATION HEALTH**
**CARE SERVICES, INC.**

        **Defendant.**

Civil Action No.: _____

**COMPLAINT**

**Trial by Jury**

Plaintiff, Paul Militello, by and through his attorneys, The Ottinger Firm, P.C., complaining of the defendant, Visiting Nurse Association Health Care Services, Inc., alleges as follows:

## INTRODUCTION

1.      This is an action brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* as amended, and the New York City Administrative Code § 8-107, for employment discrimination and the creation of a hostile work environment based upon age. Plaintiff seeks appropriate monetary and other relief to redress the wrongdoing complained of herein.

## JURISDICTION AND VENUE

2.      Because this case is brought under the ADEA, 29 U.S.C. § 621 et seq., this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4).

3.      Defendant Visiting Nurse Association Health Care Services, Inc. ("Defendant" or "the Company") was and still is a home healthcare corporation providing services to the public pursuant to the laws of the State of New York and having an office within the County of Richmond, State of New York.

4.      Venue is proper in the Eastern District of New York because Plaintiff's cause of action arose within this District in that a substantial part of the acts and omissions giving rise to

the claims in this case occurred in this District. Venue also is proper in this District because Defendant is subject to personal jurisdiction therein by virtue of their substantial, continuous, and systematic commercial activities in this District. See 28 U.S.C. § 1391(b), (c). Because Defendant is subject to personal jurisdiction in this District, it "resides" in this District for venue purposes (see 28 U.S.C. § 1391(c)).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     On August 30, 2022, Paul Militello ("Plaintiff" or Mr. Militello") filed a complaint of discrimination against Defendant with the New York State Division of Human Rights ("NYSDHR"). Attached hereto as Exhibit A is a true and correct copy of the confirmation of submission from the NYSDHR. Pursuant to NYSDHR's work-sharing agreement with the EEOC, the charge was dually filed with both agencies. On November 4, 2022, Plaintiff requested to dismiss his complaint with the NYSDHR. On November 30, 2022, Plaintiff received a formal dismissal letter from the NYSDHR, prior to the commencement of this action.

6.     In said NYSDHR complaint, Plaintiff alleged that Defendant had engaged in unlawful discriminatory practices relating to employment because of his age.

7.     Plaintiff has filed this action more than 60 days after submission of said NYSDHR complaint.

## PARTIES

8.     Plaintiff, during all relevant times, was and still is a resident of the County of Richmond, State of New York, to wit: 284 Myrtle Avenue, Staten Island, NY 10310.

9.     Defendant Visiting Nurse Association Health Care Services, Inc. was and still is a home healthcare corporation providing services to the public pursuant to the laws of the State of New York.

10.     At all relevant times, Defendant had and still has at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Therefore, Defendant is an "employer" for purposes of 42 U.S.C. § 2000e *et seq.* and § 8-107 of the New York City Administrative Code.

**FACTS**

11.     Plaintiff Paul Militello is 63 years old and was employed by Defendant, Visiting Nurse Association Health Care Services, Inc., from September 21, 1981, until his termination on July 21, 2022.

12.     Plaintiff began his career as a Junior Accountant and received several promotions throughout his tenure with Defendant for his excellent work performance.

13.     Mr. Militello most recently served as Defendant's Director of Finance, a position he held for over 15 years up until his termination.

14.     Rather than rewarding Mr. Militello for his commitment and dedication to the Company for decades, Defendant unexpectedly terminated him on July 21, 2022. Defendant's reason for terminating Mr. Militello was because the Company was "going in a different direction".

15.     Defendant's purported reason for the termination of Plaintiff is pretext to conceal Defendant's true intent to fire Mr. Militello because of his age, and to replace him with a younger employee.

16.     During Plaintiff's tenure with the Company, Mr. Militello never received a performance warning or coaching until he was placed on a Performance Improvement Plan ("PIP") for not having advanced knowledge of Microsoft Excel in June of 2021.

17.     Prior to being placed on a PIP in June 2021, Mr. Militello assumed many of the tasks of the former Director of Accounting, which required Mr. Militello to use advanced functions of Microsoft Excel. Prior to taking on the duties of the Director of Accounting, Mr. Militello was not required to use the advanced functions in Microsoft Excel.

18.     The Company gave Mr. Militello just three months to become proficient in Excel and did not provide him with any training materials such as the various online training programs offered by Microsoft and other vendors.

3

19.     Even though Mr. Militello was not provided with any training materials, he did make significant progress with the goals set out in the PIP, progress which was acknowledged by Mr. Militello's supervisor and the Human Resources Director of the Company.

20.     Despite Plaintiff's progress with Microsoft Excel and the PIP, Defendant ultimately terminated Mr. Militello and replaced him with a younger employee, less than half his age.

### FIRST CAUSE OF ACTION
**Violation of Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.**

21.     Plaintiff realleges and incorporates by reference the foregoing paragraphs.

22.     Plaintiff alleges that the complained of actions violate the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. as amended, in that actions of Defendant constitute unlawful employment practices because of Plaintiff's age.

23.     By its actions, including terminating Plaintiff, Defendant has treated Plaintiff differently from other employees on account of his age and discriminated against him in his employment in violation of the ADEA, 29 U.S.C. § 621 et seq., as amended.

24.     By its actions, Defendant has also subjected Plaintiff to a hostile work environment because of his age.

25.     The acts of Defendant have been pervasive, unfair, discriminatory, and disruptive to Plaintiff's physical and psychological well-being.

26.     The actions and conduct of Defendant constitute unlawful behavior and Defendant's purpose was to create an intimidating, hostile and offensive work environment.

27.     Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can the actions be otherwise justified. Any alleged non-discriminatory reason is nothing more than a pretext so that Defendant could attempt to mask its actions.

28.     By reason of the actions and inactions of Defendant, whereby Defendant has engaged in unlawful discriminatory practices based upon age, Plaintiff has suffered and continues

to suffer economic loss; he has been damaged in his profession; he was made emotionally and physically ill; he suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

29.     By reason of the foregoing, Plaintiff has become entitled to an award of compensatory and punitive damages in an amount to be determined by a jury at trial, together with costs and disbursements, attorney's fees, and appropriate interest.

<u>**SECOND CAUSE OF ACTION**</u>
**Violation of New York City Administrative Code § 8-107**

30.     Plaintiff realleges and incorporates by reference the foregoing paragraphs.

31.     Plaintiff alleges that the complained of actions violate New York City Administrative Code § 8-107 in that the actions of Defendant constitute an unlawful employment practice because of his age.

32.     By its actions, including terminating Plaintiff, Defendant has treated Plaintiff differently from other employees on account of his age and discriminated against Plaintiff in his employment in violation of New York City Administrative Code § 8-107.

33.     By its actions, Defendant has also subjected Plaintiff to a hostile work environment because of his age.

34.     The acts of Defendant have been pervasive, unfair, discriminatory, and disruptive to Plaintiff's physical and psychological well-being.

35.     The actions and conduct of Defendant constitute unlawful behavior and Defendant's purpose was to create an intimidating, hostile and offensive work environment.

36.     Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein, nor can the actions be otherwise justified. Any alleged non-discriminatory reason is nothing more than a pretext so that Defendant could attempt to mask its actions.

37.     By reason of the actions and inactions of Defendant, whereby Defendant has engaged in unlawful discriminatory practices based upon age, Plaintiff has suffered and continues to suffer economic loss; he has been damaged in his profession; he was made emotionally and physically ill; he suffered and continues to suffer damage to his reputation among his peers; embarrassment; humiliation and was otherwise greatly injured.

38.     By reason of the foregoing, Plaintiff has become entitled to an award of compensatory and punitive damages in an amount to be determined by a jury at trial, together with costs and disbursements, attorney's fees, and appropriate interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

(1)     That the Court order and declare that Defendant's actions and practices, complained of herein, to be in violation of the Plaintiff's rights as secured by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., as amended; Title VII of the Civil Rights Act of 1964, as amended, the New York City Administrative Code § 8-107 and 42 U.S.C. § 1981;

(2)     That the Court permanently enjoin Defendant from any conduct violating Plaintiff's rights as secured by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., as amended and the New York City Administrative Code § 8-107;

(3)     That the Court award Plaintiff the following relief:

a)  Actual damages for loss of any compensation, including wages, salary, bonuses and benefits, in an amount to be determined at trial, plus interest;

b)  Compensatory damages in an amount to be determined at trial, for humiliation, mental anguish, emotional distress, physical injury and other damages sustained by Plaintiff;

c)  Punitive damages in an amount to be determined at trial; and

d)  Reasonable attorneys' fees, expert fees, costs and disbursements.

(4)    Such other relief that this Court deems just and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: December 20, 2022
New York, New York

Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By:_____
Robert W. Ottinger
THE OTTINGER FIRM, P.C.
79 Madison Avenue
New York, NY  10016
Tel: (347) 492-1904
robert@ottingerlaw.com

*COUNSEL FOR PLAINTIFF*